## IN THE UNITED STATES DISTRICT COURT

## for the NORTHERN DISTRICT of INDIANA

| | | |
|---|---|---|
| **CELESTE GLOVER** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **CLEVELAND CLIFFS STEEL, LLC** | ) | |
| **Defendant.** | ) | |

### <u>Complaint and Jury Demand</u>

Plaintiff, CELESTE GLOVER, by her attorney, complains against Defendant, Cleveland Cliffs Steel, LLC (hereinafter, referred to as "Defendant") as follows:

### A.  Parties

1.    The plaintiff is an individual residing in Merrillville, Indiana.

2.    The defendant is a for profit corporation incorporated under the laws of the State of Indiana, and maintains its principal place of business at 3001 Dickey Road, East Chicago, Indiana 46312. Defendant employs at least 15 or more employees throughout Indiana.

### B.  Jurisdiction

3.    This Court has jurisdiction of plaintiff's claims as it is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

3a. The Court also has jurisdiction over plaintiff's claims as it is brought pursuant to Title 24, Section 1981 of the Civil Rights Act of 1866 for race discrimination.

3b. This action also arises under the Americans with Disabilities Act of 1990 (ADA), 42 U. S. C. § 12201.

3c. The ADA § 107(a), 42 U. S. C. § 12117 (a) incorporates by reference Title VII of The Civil Rights Act of 1964 (Title VII), 42 U. S. C. § 2000e-5, which grants

jurisdiction to the Court.

3d. All preconditions to jurisdiction under § 706 of Title VII, 42 U. S. C. § 2000e-

## C.  Venue

4.    Venue is proper in this district under 42 U.S.C.  §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district and in the state of Indiana.

## D.  Exhaustion of Administrative Remedies

5.    Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

## FACTS

6.    Plaintiff is a Black female former employee of the defendant who, at the time of the filing of her charge of discrimination with Equal Employment Opportunity Commission, worked as a Operator Technician.

7.    At all times during the periods that are complained of in this complaint, Ms. Glover was covered by Title VII of the Civil Rights Act of 1964 as amended, and Title because she is female and African American as well as Title 42, Section 1981 of the Civil Rights Act of 1866 due to her race.

8.    At all times during the periods that are complained of in this complaint, Ms. Glover was covered by the Americans with Disabilities Act because the defendant regarded her as being disabled.

9. Ms. Glover was hired by the defendant in 1999 and was meeting her employer's legitimate work expectations during her employment.

10. Ms. Glover was injured on the job.

11. When she returned to work, she returned with limited restrictions, pursuant to her doctor's recommendations.

12. Approximately two weeks later, her doctor released her to work without any restrictions.

13. Despite being released to work without restrictions, the defendant refused to allow her to return to her normal job as Senior Operator Technician under the rationale that she was unable to perform the duties of the job with her restrictions.

14. Defendant demoted her to the job of Service Technician based upon its own impression that she could not perform the duties of Operator Technician with restrictions.

15. Subsequently, around the year 2023, Ms. Glover secured another document from her doctor again stating that she didn't have any work related restrictions.

16. Despite providing defendant with additional documentation showing that she didn't have restrictions, defendant did not return Ms. Glover to her previous position of Operator Technician, maintaining her at the lower position of Service Technician. Curtis.

17. Ms. Glover repeatedly applied for open Operator Technician and Senior Operator Technician positions.

18. Despite her qualifications in the Senior Operator Technician position, her seniority and the fact that she was free of work related restrictions, she was not promoted.

19. Non-Black employees with less seniority and fewer qualifications in the position of Operator Technician were promoted over Ms. Glover.

20. Male employees with less seniority and fewer qualifications in the position of Operator Technician were promoted over Ms. Glover.

21. Employees who were not designated as having medical restrictions who had less seniority and fewer qualifications in the position of Operator Technician were promoted over Ms. Glover.

22. Eventually, after years of being denied the Operator Technician position, the defendant promoted her to the position.

21. Despite being promoted to the Operator Technician position, defendant denied her training opportunities for other positions such as the Feeder position.

22. Non-Black Operator Technicians with less seniority have been allowed to train on the Feeder position.

23. Male Operator Technicians with less seniority have been allowed to train on the Feeder position.

24. Operator Technicians who were not considered to have medical work related restrictions Operator Technicians with less seniority have been allowed to train on the Feeder position.

**CLAIMS FOR RELIEF**

**<u>COUNT I RACE  DISCRIMINATION – Title VII of the Civil Rights Act</u>**

Plaintiff, CELESTE GLOVER, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 24, and repleads and reincorporates same as though fully set forth herein.

25. During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of racial discrimination against the Plaintiff which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its

agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

26. Defendant consistently and without legitimate cause, denied Plaintiff promotion to higher level positions, despite her seniority and qualifications, while promoting Non-Black employees with less seniority and lesser qualifications.

27. Even after promoting the Plaintiff, the defendant continued to deny her training and promotion opportunities while providing those opportunities to Non-Black Operator Technicians.

28. Defendant was aware of the acts complained of in this Complaint and has ratified and condoned and has allowed Ms. Glover to suffer harm on the basis of her race by denying her promotion and training opportunities, causing her to lose wages, while similarly situated Non-Black employees, with less seniority, were not subjected to racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

WHEREFORE, the Plaintiff, CELESTE GLOVER, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT II – GENDER DISCRIMINATION-Title VII of the Civil Rights Act of 1964

Plaintiff, CELESTE GLOVER, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 28, and repleads and reincorporates same as though fully set forth herein.

29.    During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of gender discrimination against the Plaintiff which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

30. Defendant consistently and without legitimate cause, denied Plaintiff promotion to higher level positions, despite her seniority and qualifications, while promoting male employees with less seniority and lesser qualifications.

31. Even after promoting the Plaintiff, the defendant continued to deny her training and promotion opportunities while providing those opportunities to male Operator Technicians.

32. Defendant was aware of the acts complained of in this Complaint and has ratified and condoned and has allowed Ms. Glover to suffer harm on the basis of her gender by denying her promotion and training opportunities, causing her to lose wages, while similarly situated male employees, with less seniority, were not subjected to gender

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000(e)(5), as amended by the Civil Rights Act of 1991.

## COUNT III VIOLATION OF 42 U.S.C. §1981 BY RACIAL DISCRIMINATION

The Plaintiff, CELESTE GLOVER, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 32, repleads and reincorporates same as though fully set forth herein.

33.   Defendant has intentionally discriminated against Ms. Glover in violation of Section 1981 of the Civil Rights Act of 1866 by intentionally maintaining a pervasive atmosphere perpetuating discrimination, including:

(a)   maintaininig a racially discriminatory work environment where Non-Black employees were allowed to advance in employment and training opportunities despite their lack of seniority in comparison to the Plaintiff which resulted in Plaintiff losing training opportunites, promotions and losing income;

(b)   intentionally denying Plaintiff the terms and conditions of employment based on her race that it offered white employees; and

( c ) intentionally denying her the terms and conditions of employment that it offered white employees.

WHEREFORE, the Plaintiff, CELESTE GLOVER, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## COUNT IV-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

The Plaintiff, CELESTE GLOVER, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 33, repleads and reincorporates same as though fully set forth herein.

34.    Defendant has discriminated against Ms. Glover in violation of the Americans with Disabilities Act by regarding her as disabled and by discriminating against her based upon her perceived medical impairments by and including:

(a)   denying Plaintiff promotion and traning opportunities based upon her perceived disability, even after having provided the defendant with proof that she was medically cleared to work as an Operator Technician which resulted in her losing training and losing income;

(b)   denying her the terms and conditions of employment based on her perceived disability that it offered employees without medical impairments, even when defendant knew that Plaintiff was able to perform her duties with or without accomodations; and

( c ) refusing to engage in the interactive process to ascertain whether or not accommodations where available to allow Plaintiff to continue to work as a Operator Technician instead of demoting her from her position.

WHEREFORE, the Plaintiff, CELESTE GLOVER, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

Respectfully submitted,

By /s/Bryan K. Bullock

Bryan K. Bullock (Atty # 22812-45)
Attorney for Plaintiff
**LAW OFFICE OF BRYAN K. BULLOCK,**
9800 Connecticut Drive
Crown Point, In 46307
(219) 472-1546 phone
attybullock@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned attorney for Plaintiff hereby certifies that on March 2nd, 2026 a copy of the foregoing document has been served by deposit in the United States mail, first-class, postage prepaid addressed to all parties.

_/s/Bryan K. Bullock_____
Bryan K. Bullock